(No. 2345—

The Edward Gillen Dock, Dredge and Construction Company, a Corporation, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed February 13, 1935.*

Clarence W. Heyl, for claimant.

Otto Kerner, Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

This case comes to the court on a complete stipulation of facts, signed not only by counsel for the respective parties, but also by the Assistant Director and Acting Director of the Department of Public Works and Buildings of the State of Illinois, and approved by the Chief Engineer of the Division of Highways.

It appears that on October 21, 1933, the Edward Gillen Dock, Dredge and Construction Company, a corporation, entered into a stipulation with the Department of Public Works and Buildings wherein it was agreed that it should file its suit

in the Court of Claims of this State and that said court may enter a judgment in favor of the plaintiff based upon the facts and agreements set forth in that stipulation. The original of the stipulation was attached to the declaration of the plaintiff filed in this court.

It was further agreed that upon a hearing this court should award the plaintiff a judgment in the sum of Twenty-eight Hundred Sixty-eight Dollars and Twenty-four Cents ($2,868.24). The original stipulation is made a part of the declaration.

Plaintiff averred that its claim is based upon said stipulation and agreement and that said stipulation and agreement was duly executed by the Assistant Director and Acting Director of the Department of Public Works and Buildings of the State of Illinois, approved by the Chief Highway Engineer of the Division of Highways of the State of Illinois, and further approved by the Attorney General of the State of Illinois. The facts are as follows:

The General Assembly, prior to July 26, 1926, appropriated funds and authorized the construction of a road in Fulton County, Illinois, to be known and designated as "Copperas Creek Lock Road," Section one being a road extending from the Village of Banner to Copperas Creek Locks on the Illinois River in Fulton County. The original contract was let by the Department of Public Works and Buildings, Division of Highways, of the State of Illinois, to one Charles E. Bradbury, of Canton, Illinois, as contractor. Prior to the time of the letting of this contract, the said Department took a certain release of right of way and dedication of the lands claimed to have been owned by Dan W. Voorhees, Sr. The description is set out in a certain stipulation contained in the file. The release of right of way and dedication was signed by Joseph A. Weil, administrator of the estate of Dan W. Voorhees, Sr., deceased, and not by any of the heirs at law of the said Dan W. Voorhees, Sr., and consequently had no legal force and effect. It does not appear that the Department of Public Works and Buildings of this State ever secured an opinion from the Attorney General upon the title of this land, neither does it appear just why this Department assumed to act without such an opinion in a matter involving important legal questions, but it appears that the Department of Public Works and

Buildings, Division of Highways, of the State of Illinois, went upon the said lands upon the assumption that the release and dedication above referred to gave it the right of way to take the lands for the purpose of the construction of a highway thereon.

It appears from the stipulation that Charles E. Bradbury, the original contractor, defaulted in the contract and was unable to complete the same and the surety on his bond, the New Jersey Fidelity & Plate Glass Insurance Company, of Newark, New Jersey, a corporation, went upon said premises for the purpose of attempting to complete said construction and on April 11, 1929, the said bonding company, then bound to complete said road for and on behalf of said Charles E. Bradbury as the original contractor, entered into a written contract with the Edward Gillen Dock, Dredge and Construction Company, a corporation, of Beardstown, Illinois, the original of which said contract is attached to the stipulation, and made a part thereof.

After the making of the contract, the last mentioned company was directed by the then officers and engineers of the Department of Public Works and Buildings, Division of Highways, of the State of Illinois, to go upon said premises and complete the original contract and this company did, thereupon, go upon said premises described in the contract and continue the prosecution of the work under the contract until the same was completed. The Department of Public Works and Buildings accepted the work and the Edward Gillen Dock, Dredge and Construction Company was paid for the performance of the contract after the approval of the work by the proper officers of the Division of Highways.

It further appears from the stipulation that some time during the progress of the work, the construction company was advised by someone that the State did not have title to that portion of the road being constructed over the premises of Dan W. Voorhees, Sr., deceased, and thereupon the construction company took the matter up with the Division of Highways and reported to it this information, and the State Department, by its then duly authorized officers, directed the construction company to proceed with the work and to pay no attention to the complaints that were made as to the sufficiency of the State's title.

Thereupon the Edward Gillen Dock, Dredge and Construction Company did proceed with the work and completed the same in good faith under the direction of the Division of Highways upon the premises as surveyed and staked out by the Department of the Division of Highways.

About the time the work was completed and before the construction company had removed its equipment, it was duly served with a summons in a case brought in the Circuit Court of Fulton County, Illinois, to the May, 1930, Term, by one B. M. Chiperfield, as plaintiff, being Law No. 22696, in which the plaintiff claimed damage in the sum of Five Thousand Dollars ($5,000.00), for trespass to real estate, charging that the Edward Gillen Dock, Dredge and Construction Company, with force and arms broke and entered the premises of the plaintiff and fell, cut and destroyed certain trees and saplings, and had excavated in various places upon said premises and had thrown earth upon other portions of the premises and deprived the plaintiff of the use, occupancy and enjoyment of the premises. The Chiperfield premises were adjacent to the premises owned by the estate of Dan W. Voorhees, Sr., and upon the same date another suit was commenced against the construction company on behalf of the owners of the Voorhees lands, the description of which is stipulated and contained in the file, and against the Edward Gillen Dock, Dredge and Construction Company, and known as Law No. 22697. The damages in this latter case, however, were claimed to be Ten Thousand Dollars ($10,000.00).

The allegations of the latter declarations were similar to those of the Chiperfield case and in addition thereto the destruction of one thousand trees and saplings, the property of the said plaintiff, growing upon said premises, were charged.

The Edward Gillen Dock, Dredge and Construction Company employed Clarence W. Heyl as its attorney to look after the defense of these cases and he prepared and filed the necessary pleadings and did the necessary preliminary work for a trial of these cases which included numerous conferences with the State Highway officials, an investigation as to the title of the lands in question, examination of numerous witnesses and so forth, and making several trips from his office in the City of Peoria to Springfield and to the situs of the construction work.

The stipulation filed herein on behalf of all the parties goes into considerable detail. The Chiperfield case was finally settled for the sum of Five Hundred Dollars ($500.00) and the Voorhees case was finally settled for the sum of Two Thousand Dollars ($2,000.00).

It fairly appears from the stipulated facts that the Edward Gillen Dock, Dredge and Construction Company were lulled into the belief that they had a perfect legal right to proceed to carry out the provisions of their contract for the construction of a road upon the premises that the State had no right to enter or build a road thereon.

And it further appears that this construction company became liable for the reasonable attorneys fees in the defense of their actions. The stipulation sets forth that the Chiperfield case was settled for Five Hundred Dollars ($500.00), proper releases taken and the money paid by the Highway Department.

It further appears from this stipulation that the sum of Two Thousand Dollars ($2,000.00) was a reasonable amount to pay for the Voorhees land.

Clarence W. Heyl has filed an itemized account of his attorneys fees and his expenses and costs expended, and it has been stipulated that a reasonable and customary charge as attorneys fees for the services rendered in these cases to the construction company is the sum of Eight Hundred Dollars ($800.00), and to this is added for telephone and telegraph charges, traveling expenses and incidentals in connection with the litigation, the sum of Fifty-three Dollars and Twenty-four Cents ($53.24), and further sum of $15.00 court costs.

We therefore recommend that the Legislature make an appropriation to the Edward Gillen Dock, Dredge and Construction Company, a corporation, for the sum of Two Thousand Dollars ($2,000.00), to pay a certain judgment rendered against it in the Circuit Court of Fulton County, in Law Case No. 22697, it having been stipulated that no interest should be charged upon this judgment for a period of two years from July 1, 1933; and the further sum of Eight Hundred Sixty-eight Dollars and Twenty-four Cents ($868.24), as attorneys fees and costs and that this money be paid to the said construction company when proper deed of conveyance, conveying the premises which is the subject of this controversy, to

414

the State of Illinois, be delivered to the Attorney General for his approval.